## J. C. BROWN v. M. W. JENKS.
### No. 171.

1. REPLEVIN — *justice may give defendant judgment for full value of property though it exceeds jurisdictional limits.* When an action in replevin is commenced before a justice of the peace and by appeal taken to the district court, the latter court has jurisdiction to render judgment, in case a return of the property cannot be had, for the full value of the property, even though it exceeds one hundred dollars.

2. ———— The record in this case examined and found to contain no reversible error.

Error from Wyandotte District Court. Hon. Henry L. Alden, Judge. Opinion filed December 29, 1896. *Affirmed.*

This action of replevin was begun by the plaintiff in error against the defendant in error before a justice of the peace, the plaintiff claiming under a chattel mortgage given by the defendant in error to secure a note for $175. The justice rendered judgment for the plaintiff, and the defendant appealed to the District Court. No pleading was filed by the defendant, but on the trial in the District Court he contended that no demand for the property had been made upon him before the commencement of the action; that the original consideration of the note was a loan of $95.25, made to him January 10, 1891, for which he gave his note for $125, and that the note for $175 was given as a renewal of the note first given, and that he had paid on the note two payments aggregating $100, and was entitled to a further credit of $50 which the plaintiff in error had received in trade, all of which payments, amounting to $150, had been made on a debt of $95.25, within thirteen months after it had been contracted; and that, under the usury law,

46 BROWN v. JENKS.

N. Dept.        Opinion.   Gilkeson, P. J.        5 Kan. App.

nothing remained due the plaintiff in error when he brought the action.

The court instructed the jury that the plaintiff was required to prove a demand for the property, but also instructed that the burden of proof was on the defendant, and ruled that the defendant had the right to open and close. Other instructions were given, and some were refused, relating to the question of usury. The plaintiff excepted to the giving and refusing of instructions, but did not except to the ruling that the defendant had the right to open and close. The jury returned a verdict for the defendant, fixing the value of the property, which had been delivered to the plaintiff, at $325, and also returned answers to special questions which answers found the facts substantially as alleged by the defendant. One of the findings was that nothing was due the plaintiff, another was that the usurious interest was $60; and the plaintiff in error contended that the answers to the special questions were not based upon evidence and were inconsistent; but, in view of this court's decision of the case, these contentions become unimportant. The court below refused a new trial and rendered judgment on the verdict for the return of the property or the payment of its value as fixed by the jury, and adjudged the costs against the plaintiff. The plaintiff filed this petition in error to reverse that judgment.

*J. F. Frankey*, for plaintiff in error.
*Angevine & Cubbison*, for defendant in error.

GILKESON, P. J. We think the instructions clearly, fully and correctly declare the law of this case. The conflict therein with reference to the burden of proof is more imaginary than real. Even if it existed to the extent claimed by the plaintiff in error, we fail to

BROWN v. JENKS.    47

Dec. 29, 1896.    Opinion.   Gilkeson, P. J.    E. Div.

see how he was prejudiced thereby. We have failed
to discover any objection or exception taken and saved
by him in the court below, to the order of the court
granting the defendant the right to open and close.
In the refusal of instructions asked, we see no error.

We think the special findings are fully sustained by
the evidence. Numbers 4, 5 and 6 are, perhaps, in-
consistent, but, under the other findings and the ad-
mitted facts, the correct answers to these questions
may be determined by a simple calculation. The
jury evidently understood these questions to have
reference to anything due outside of, or in addition
to, the money received when the first note was given.
But whatever understanding the jury may have had
of these questions, the answers are not important in
view of the answers made to the other questions stat-
ing the amount of money actually paid to Jenks and
the amount repaid by him.

The last contention of the plaintiff in error is not
tenable.

"A justice of the peace has jurisdiction in all ac-
tions of replevin where the property in controversy
does not exceed $100 in value. (Justices Code, § 55.)
And for the purpose of fixing the jurisdiction of
the justice, the value placed upon the property in
the replevin affidavit governs. (Justices Code, § 62.)
And the justice may render judgment for the full
value of the property 'in case a return [of the prop-
erty cannot] be had, *and* for damages for withholding
said property, *and* the costs of suit.' (Justices Code,
§ 65.) Now the district court followed literally the
foregoing sections of the justices code ; and therefore
no error was committed in rendering the judgment."
*Griffiths v. Wheeler & Barber*, 31 Kan. 24.

The judgment of the court below will be affirmed.